# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RONALD E. HARRIS, II, | : | |
|    Plaintiff, | : | Case No. 3:11cv00155 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| SHERIFF GENE KELLY, et al., | : | **REPORT AND RECOMMENDATIONS**[1] |
|    Defendants. | : | |

Plaintiff Ronald E. Harris, II is an inmate in the Chillicothe Correctional Institution in Chillicothe, Ohio. He brings this case pro se naming several defendants: Clark County, Ohio Sheriff Gene Kelly; Major Sullivan of the Clark County Sheriff's Department; and "Retired Judge Common Pleas Court Honorable Judge Lorgi [sic]" (likely referring to retired Clark County, Ohio Common Pleas Court Judge Lorig).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915(e)(2). The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint should be dismissed because it is factually or legally frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i); *see also Hill v. Lappin*, 630 F.3d at 468, 470 (6th Cir. 2010). The review considers "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A complaint lacks an arguable

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see Brand*, 526 F.3d at 923. A complaint lacks a rational factual basis when its allegations are "'fantastic or delusional.'" *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler,* 898 F.2d at 1199.

Alternatively, an *in forma pauperis* action may be dismissed *sua sponte* when the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii); *see Hill*, 630 F.3d at 470-71; *see also Brand*, 526 F.3d at 924. To avoid this terminal fate, the complaint must allege sufficient facts, when accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). The applicable standard "screens out the 'little green men cases'..., [and] it is also designed to screen out cases that, while not utterly impossible, are 'implausible.'" *Courie*, 577 F.3d at 629-30.

In the present case, Plaintiff alleges that the Clark County Sheriff's Department denied his claim of ownership in a 1994 SLS Cadillac. He maintains that there "was a prior arrangement with Major Sullivan and Sheriff Kelly to remove sa[i]d vehicle upon court decision...." (Doc. #5 at 59).

Plaintiff has attached to his Complaint a copy of a decision by the Ohio Court of Appeals concerning the controversy over his Cadillac. The Ohio Court of Appeals noted that

2

Plaintiff's Cadillac was impounded at the time of his arrest, and that on May 6, 2006, "the trial court issued an Entry that provides, 'for good cause shown, said vehicle shall be returned to defendant.'" (Doc. #5 at 81). The Ohio Court of Appeals further explained:

> On or about October 24, 2006, Harris was convicted in the Champaign County Court of Common Pleas on multiple charges.... On February 27, 2008, Harris filed a Motion for Return of Property, again requesting the return of his Cadillac. Attached to his motion is a letter, dated April 2, 2007, to Harris, from the Clark County Sheriff's Office, which indicates that Harris' vehicle was located at the Clark County garage, and that it would be disposed within 10 days or the date of the letter.
>
> On March 28, 2008, the trial court issued an Entry that provides, "Defendant's motion for return of property is moot. Defendant's vehicle was ordered returned to him by Entry on May 5, 2006. Defendant received a ten day notice letter from the Sheriff on April 2, 2007, it was his responsibility to contact the Sheriff to make arrangements to pick up his vehicle within the ten day period or the car would be disposed of pursuant to ORC Section 4513.62 or sold to a salvage dealer pursuant to ORC Section 4513.61. He did not make arrangements and his vehicle was disposed of some eleven months ago, after he was notified that he had ten days to reclaim his property."

(Doc. #5 at 81). The Ohio Court of Appeals also indicated that "an undated letter from the Clark County Sheriff's Office, addressed to Harris, ... provides, 'Reference to your 1994 Cadillac SLS ... This vehicle was released to the listed [lien] holder on the title: Guardian Finance Company on April 11, 2007.'"[2] (Doc. #5 at 82).

Plaintiff alleges that both he and his family members attempted to secure the return of his Cadillac from the Clark County Sheriff's Office. He maintains that the lienholder never received the Cadillac and that the Clark County Sheriff's Office later told him that the

---

[2] Plaintiff attached a copy of the letter to his Complaint. *Id*. at 67.

3

Cadillac had been destroyed. (Doc. #5 at 59).

Plaintiff's allegations concerning the destruction of his Cadillac and the actions of inactions of the Clark County Sheriff's Office describe rational, rather than delusional, factual matters. *Cf. Iqbal*, 129 S.Ct. at 1959 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *cf. also Lawler*, 898 F.2d at 1199 ("Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts."). Plaintiff's Complaint, therefore, is not subject to dismissal as factually frivolous. *Lawler*, 898 F.2d at 1199; *see Brand*, 526 F.3d at 923.

Accepting Plaintiff's allegations as true and liberally construing the Complaint and attached documents in his favor, he seeks to a raise federal constitutional claim under 42 U.S.C. §1983. Plaintiff's Complaint, however, fails to raise an arguable violation of his constitutional rights. The bulk of the alleged misconduct Plaintiff describes in his Complaint and in the Ohio Court of Appeals' decision occurred in or near April 2, 2007, when the Sheriff's Office notified him about his responsibility to contact the Sheriff's Office within ten days to make arrangements for the return of his vehicle. Assuming, as he alleges, that he attempted to do so, the Sheriff Office's acts or omissions occurred at or near that point in time, April 2007. Yet Plaintiff did not file his Complaint in the instant case until May 10, 2011, more than four years after the alleged misconduct. Consequently, the applicable two-

year statute of limitations bars Plaintiff's allegations concerning his Cadillac. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

In addition, even if Plaintiff's Complaint is considered timely, his allegations and the Ohio Court of Appeals' decision reveal that he received actual notice from the trial court concerning the disposition of his vehicle, he received actual notice from Sheriff's Office about his responsibility to arrange for the vehicle's return, and the Ohio courts gave him notice and the opportunity to obtain redress when the vehicle was not returned. Although he did not succeed in the Ohio Court in establishing his right to financial redress, the notice and opportunity given him was consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *Cf. Robinson v. Hanrahan*, 409 U.S. 38, 39-40 (1972) (requiring notice reasonably calculated to apprise vehicle owner of pending forfeiture proceedings).

Lastly, Plaintiff's Complaint contains several additional pages of written material, consisting of run-on sentences, incomplete thoughts, and unusual yet unexplained matters. For example, he writes, "(A) Janet Reno Attorney General out of veteran calim [sic] App. No. 08-114 (B) Condelezza Rice government agency with-in Taft Administration CC Lora Bush (C) the reassurance of the settlement with legal contract after medical record of myself, Veterans Hospital Chillicothe[,] Ohio 2002, and Medical Records of Captain ... Harris Cook County Sheriff's Department Chicago Illinois 2936 West 83rd Street Chicago Illinoise [sic] ... retired both from massive heart attacks." (Doc. #5 at 60). Accepting these as well as his additional allegations as true and liberally construing the Complaint and additional documents in his favor, Plaintiff has not stated a plausible, non-speculative claim for relief.

5

*See Iqbal*, __ U.S. at __, 129 S.Ct. at 1949; *see also Courie*, 577 F.3d 629-30.  Although Plaintiff's Complaint need only set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief, *see* Fed. R. Civ. P. 8(a), his Complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, __U.S. at __, 129 S.Ct. at 1949.  At best for Plaintiff, his allegations and documents reveal only unadorned, the-named-defendants-violated-my-constitutional/civil-rights, claims.  His Complaint and attached documents thus fail to state a plausible, non-speculative claim upon which relief could be granted.

Accordingly, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED;

2. Plaintiff's Motion to Appoint Counsel (Doc. #2) be DENIED as moot;

3. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

4. The case be terminated on the docket of this Court.

June 13, 2011                                    s/ Sharon L. Ovington
                                                 Sharon L. Ovington
                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).