# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RONALD E. HARRIS, II, | : | |
| Plaintiff, | : | Case No. 3:11cv00155 |
| v. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| SHERIFF GENE KELLY, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Ronald E. Harris, II, an inmate in the Chillicothe Correctional Institution, brought this case *pro se* in May 2011, naming several defendants: Clark County, Ohio Sheriff Gene Kelly; Major Sullivan of the Clark County Sheriff's Department; and "Retired Judge Common Pleas Court Honorable Judge Lorgi [sic]" (likely referring to retired Clark County, Ohio Common Pleas Court Judge Lorig).

Plaintiff alleged that the Clark County Sheriff's Department denied his claim of ownership in a 1994 SLS Cadillac that was impounded following his arrest. (Doc. #6, *PageID#* 86). Plaintiff alleges that he and his family members attempted to secure the return of his vehicle from the Clark County Sheriff's Office, but were unsuccessful. (Doc. #6, *PageID#* 87). On April 11, 2007, the Cadillac was released to the lienholder on

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

the title: Guardian Finance Company.  (*Id.*).

The undersigned issued a Report and Recommendations on June 13, 2011, finding – upon *sua sponte* review – that Plaintiff's Complaint failed to state a plausible, non-speculative claim upon which relief could be granted and recommending dismissal under 28 U.S.C. § 1915(e)(2)(B).

In the Report and Recommendations, it was determined that Plaintiff appeared to be raising a federal constitutional claim under 42 U.S.C. § 1983, but failed to raise an arguable violation of his constitutional rights.  (Doc. #6, *PageID#* 88).  The Court noted that the alleged acts or omissions of the Sheriff's Office relating to Plaintiff's Cadillac occurred in April 2007, more than four years prior to when he filed his Complaint in May 2011.  Accordingly, the Court concluded that any claim Plaintiff may have been able to assert was barred by the two-year statute of limitations.  (Doc. #6, *PageID#* 89)(citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)).

Even assuming Plaintiff's Complaint was timely, the Court found that his allegations, and a subsequent Ohio Court of Appeals' decision, indicated "he received actual notice from [the] Sheriff's Office about his responsibility to arrange for the vehicle's return, and the Ohio courts gave him notice and an opportunity to obtain redress when the vehicle was not returned."  (*Id.*).  Thus, "the notice and opportunity given him was consistent with the requirements of the Due Process Clause of the Fourteenth Amendment."  (*Id.*).

Plaintiff timely filed objections to the Report and Recommendations.  (Doc. #9).

2

page

On August 16, 2011, District Judge Thomas M. Rose conducted a *de novo* review of the record, overruled Plaintiff's objections, adopted the Report and Recommendations in its entirety, and dismissed Plaintiff's Complaint.  (Doc. #11).

Recently, on April 28, 2014, *pro se* Plaintiff filed a document simply titled "DENOVO REVIEW OF THE RECORD."  (Doc. #14).  Reviewing Plaintiff's filing, and construing it liberally in his favor, it appears to be a motion that falls within Fed. R. Civ. P. 60(b).

Problematic for Plaintiff, however, is that Judgment was entered against him in August 2011, well over two years prior to his presently pending Rule 60(b) motion. (Doc. #12).  Fed. R. Civ. P. 60(c) requires "[a] motion under Rule 60(b) . . . be made within a reasonable time – and for reasons [under Fed. R. Civ. P. 60(b)](1), (2), and (3) no more than a year after the entry of final judgment or order or the date of the proceeding."  The United States Court of Appeals has explained Rule 60(b)'s time limit as follows:

> Time limitations govern the filing of a Rule 60(b) motion, but the rule states generally that '[t]he motion shall be made within a reasonable time.'  We have held that 'reasonable time' under 60(b) means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b)(1) during that period.  *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983).  Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment.  Fed. R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir. 1991).

*In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) (citing, in part, *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir. 1991)); *see Days Inns*

3

*Worldwide, Inc. v. Patel*, 445 F.3d 899, 905-06 (6th Cir. 2006).

Reviewing Plaintiff's motion, it does not appear that he has offered an explanation for his failure to seek Rule 60(b) relief in this Court until more than two years after Judgment was entered against him.  Accordingly, his motion is untimely.

Nonetheless, even assuming Plaintiff's motion is timely, it does not satisfy any grounds for available relief under Rule 60(b)(1)-(6).  Although some portions of Plaintiff's motion are difficult to decipher, the closest ground for relief from judgment that Plaintiff appears to be pursuing is that of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  A review of the record, however, does not indicate the Court made any mistake when it adopted the Report and Recommendations in full and dismissed Plaintiff's case.  (Doc. #11).  It likewise does not appear that relief from judgment is justified by any other reason.  *See* Fed. R. Civ. P. 60(b)(6).  In fact, it appears the majority of Plaintiff's motion simply attempts to assert the same arguments concerning the return of his Cadillac previously raised by him and rejected by the Court in August 2011.

Accordingly, as Plaintiff has failed to establish any ground for relief from judgment under Rule 60(b)(1)-(6), his motion lacks merit and should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Ronald E. Harris, II's filing titled "DENOVO REVIEW OF THE RECORD" (Doc. #14) be DENIED;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations

4

would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3.     The case remains terminated on the docket of this Court.


May 8, 2014


                                    _____s/Sharon L. Ovington_____
                                         Sharon L. Ovington
                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).